**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Summer Taylor, | No. CV-24-00460-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| FedEx Corporation, | |
| Defendant. | |

In this case, Plaintiff seeks to hold Defendant FedEx Corporation ("FedEx Corp.") liable for damages resulting from a car accident involving Plaintiff and a "Fed-ex truck" on July 27, 2022. Doc. 1-3 at 3. Plaintiff alleges that her vehicle was "[s]truck by [a] Fed-ex truck . . . resulting in her car being totaled" and loss of wages. *Id.* at 3–4. Plaintiff originally filed this action in Pima County Superior Court, *see* Doc. 1-3, and Defendant removed to this Court, *see* Doc. 1.

Before the Court is Defendant's Motion to Dismiss (Doc. 6). The Motion is fully briefed. *See* Docs. 9, 11. The Court will grant Defendant's Motion because Plaintiff has not established that the Court has personal jurisdiction over Defendant. As such, the Court will dismiss Plaintiff's Complaint with leave to amend. The Court will also grant Plaintiff's Motion to Allow Electronic Filing (Doc. 14).

**I.   Plaintiff's Motion to Allow Electronic Filing**

Within her Motion to Allow Electronic Filing by a Party Appearing Without an Attorney, Plaintiff has included a declaration affirming that she is willing and able to

comply with the electronic filing requirements. Doc. 14. Accordingly, the Court will grant Plaintiff's Motion to Allow Electronic Filing. Plaintiff is reminded that pro se litigants must generally follow the same court rules and procedures as represented litigants. *See Carter v. Comm'r*, 784 F.2d 1006, 1009 (9th Cir. 1986). As such, Plaintiff should review the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of Civil Procedure (L.R. Civ.) to avoid impermissible findings.

## II.     Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6).

**A. Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. Facing a Rule 12(b)(2) motion to dismiss, the Plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). When the court's determination is based on written materials rather than an evidentiary hearing, the Plaintiff "need only make a prima facie showing of jurisdictional facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (internal quotations and citation omitted). This means "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Still, a Plaintiff "cannot 'simply rest of the bare allegations of [her] complaint.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assos., Inc.*, 557 F.2d 1289, 1284 (9th Cir. 1977); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

Federal courts generally follow state law in determining the bounds of personal jurisdiction. *See* Fed. R. Civ. P. 4(k)(1)(A). Arizona "exerts personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution." *LNS*

*Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (quoting *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995)); *see also* Ariz. R. Civ. P. 4.2(a). Given this, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 801.

Under the Fourteenth Amendment's Due Process Clause, "a tribunal's authority depends on the defendant having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). This inquiry "has long focused on the nature and extent of 'the defendant's relationship to the forum state.'" *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017)). There are two types of personal jurisdiction: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.*

*1. General Jurisdiction*

General jurisdiction depends on the defendant's relationship with the forum state—for companies, the question is whether the defendant is incorporated, headquartered, or otherwise "at home" in the state. *Ford*, 592 U.S. at 358–59. Defendant FedEx Corp. "is an entity incorporated in Delaware and maintains its principal place of business in Memphis, Tennessee." Doc. 6 at 5. Plaintiff argues that, despite this, this Court still has general jurisdiction over Defendant as "Fed Ex has substantial and continuous operations in this state." Doc. 9 at 2.

General jurisdiction is available outside of a company's place of incorporation or principal place of business "[o]nly in an 'exceptional case.'" *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)). Here, Plaintiff's bare assertion that "subsidiaries of Fed Ex operate significant business in AZ," Doc. 9 at 2, does not justify the exercise of general jurisdiction where Defendant is not domiciled. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122,

1134 (9th Cir. 2003) ("It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes."); *see also Allen-Sleeper v. Federal Express Corp.*, 2010 WL 3323660 (D. Vt. Apr. 14, 2010) (dismissing FedEx Corp. for lack of personal jurisdiction in a negligence case involving a collision with a "FedEx truck"); *Seeger v. FedEx Corp.*, 2:23-CV-1580, at Doc. 11 (D. Ariz. Aug. 31, 2023) (granting stipulation for dismissal of Defendant FedEx Corp. after FedEx Corp. filed a motion to dismiss for lack of personal jurisdiction in a case involving a collision with a Federal Express Corporation vehicle).

   *2. Specific Jurisdiction*

Specific Jurisdiction "covers defendants that are less intimately connected with a state, but that have sufficient minimum contacts with the state that are relevant to the lawsuit." *LNS Enters.*, 22 F.4th at 859 (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)). While general jurisdiction depends on the relationship between the defendant and the forum, specific jurisdiction depends on the relationship between "the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted). The Ninth Circuit has "established a three-prong test for analyzing a claim of specific personal jurisdiction." *Schwarzenegger*, 374 F.3d at 802. In particular:
> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Id.* (citation omitted). The plaintiff bears the burden to establish the first two prongs. *Id.* If the plaintiff satisfies these prongs, the burden shifts to the defendant to show that the exercise of jurisdiction would not be reasonable. *Id.* (citation omitted).

Here, Plaintiff fails to meet her burden because she cannot show that Defendant operated or exercised control over the vehicle that she claims caused the accident. FedEx

Corp., the only Defendant in this case, "does not own or operate any vehicles . . . does not have a Department of Transportation ('DOT') number . . . [and] does not maintain a business registration in Arizona." Doc. 6 at 6 (citing Docs. 6-1 & 6-3). Plaintiff's bare assertion that "defendant's business activity delivering packages" subjects Defendant to personal jurisdiction does not overcome the evidence to the contrary. Because Plaintiff has not established that Defendant has engaged in activities within Arizona, she necessarily cannot establish that its activities gave rise to her claim. The information before the Court establishes that Defendant's only connection to the accident giving rise to this claim is its status as a parent company to Federal Express Corporation.[1] As such, the Court lacks personal jurisdiction over Defendant.

Put simply, Plaintiff has sued the wrong entity. Defendant, FedEx Corp., is a holding company. Doc. 6 at 6. It is not the specific entity that engages in the operation of delivery vehicles like the one Plaintiff alleges caused the accident here. Federal Express Corporation, though colloquially referred to as FedEx, is a separate entity from Defendant. Federal Express Corporation maintains a DOT number, is registered to do business in Arizona, and "engag[es] in the business of express package and freight delivery services." Doc. 6 at 6.

**B. Rule 12(b)(6)**

Because the Court finds that FedEx Corp. is not subject to jurisdiction in this District, the Court need not reach Defendant's alternative argument that Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court notes, however, that Plaintiff's assertions that Defendant is the entity responsible for the accident at the center of her complaint, without more, are insufficient to state a claim.

---

[1] In her Response to Defendant's Motion to Dismiss (Doc. 9), Plaintiff claims that, after the accident, "agent[s] of Fed Ex" contacted her regarding compensation for the accident. Doc. 9 at 1. Any contact Defendant may have had with Plaintiff, however, is not sufficient to establish jurisdiction. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Fiore*, 571 U.S. at 285. Even if these communications were enough to establish that Defendant has directed its activities toward Arizona, emails and calls after the fact are not the acts that give rise to Plaintiff's claim. As such, Plaintiff would still be unable to establish that her claim arises out of Defendant's forum-related activities, and the Court would still not have specific jurisdiction over Defendant.

**III.    Leave to Amend**

In her "Reply to Defendant Fed Ex Motion to Dismiss" (Doc. 12) Plaintiff requests that, should the Court not have jurisdiction over FedEx Corp., she be allowed to "amend the document to include Haris the Fed Ex Driver and any other subsidiaries which are involved in the delivery services." Doc. 12 at 2. As Plaintiff had already filed a Response to Defendant's Motion to Dismiss (Doc. 9), this Reply was improper. Still, the Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Though the Court cannot construe Plaintiff's Complaint as including any additional defendants for the purpose of surviving the Motion to Dismiss, it will consider Plaintiff's request as a request for leave to amend.

Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely given "when justice so requires." As such, "district courts should freely grant leave to amend when a viable case may be presented." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts"). Here, it appears that Plaintiff may be able to state a viable claim against a different defendant. The Court will grant Plaintiff leave to amend her Complaint.

**IV.    ORDER**

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 14). Plaintiff has already completed the Electronic Case File Registration Form to register as a user with the Clerk's Office and as a subscriber to PACER (Public Access to Electronic Records). The Clerk of the Court shall process Plaintiff's request (Doc. 14-2) and notify Plaintiff if anything further is needed to access electronic filing.

**IT IS FURTHER ORDERED granting** Defendant's Motion to Dismiss (Doc. 6).

**IT IS FURTHER ORDERED dismissing** Plaintiff's Complaint (Doc. 1-3) without

prejudice. Consistent with this Order, Plaintiff is granted leave to file an amended complaint within 30 days of the date of this Order.

Dated this 15th day of January, 2025.

John C. Hinderaker
United States District Judge