**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Summer Taylor,

          Plaintiff,

v.

FedEx Corporation, et al.,

          Defendants.

No. CV-24-00460-TUC-JCH

**ORDER**

Before the Court is Defendant Federal Express Corporation's ("Federal Express's") "Motion to Dismiss Pursuant to Statute of Limitations" ("Motion to Dismiss") (Doc. 42). Also before the Court are Plaintiff's "Motion: Asking for Service Posting – by Mail or Process Server Posrting [sic] on Door" ("Motion for Alternative Service") (Doc. 45) and Defendant Federal Express's "Motion to Strike or in the Alternative Seek Leave to Respond to Plaintiff's Sur-Reply" ("Motion to Strike) (Doc. 48). For the following reasons, the Court will deny the Motion to Dismiss and Motion for Alternative Service and grant the Motion to Strike.

## I.    Procedural Background[1]

On August 18, 2025, the Court dismissed Plaintiff's Second Amended Complaint and granted leave to file a third amended complaint ("TAC"). Doc. 30. In early November 2025, Plaintiff filed her TAC (Doc. 38) and named as Defendants Federal Express and Earnest Harris, the alleged driver of the Federal Express delivery truck who caused the

---

[1] The Court's August 18, 2025 Order (Doc. 30) provides a detailed summary of the procedural history to that point. That portion of the Order is incorporated by reference.

accident that gave rise to this suit. *See* Doc. 38. In the TAC, Plaintiff stated that she was a citizen of Florida, Mr. Harris was a citizen of Arizona, and Federal Express was a citizen of New Jersey. Doc. 38 at 3–4. In her prior complaints, Plaintiff stated she was a citizen of Arizona and provided an Arizona address. *See, e.g.*, Doc. 19 at 1, 3.

Federal Express waived service, Doc. 40, but in December 2025, Plaintiff filed a Notice of Service Returned Unexecuted (Doc. 43) as to Mr. Harris. Plaintiff subsequently filed her Motion for Alternative Service (Doc. 45) stating she had attempted to serve Mr. Harris multiple times and requesting the Court allow Plaintiff to serve Mr. Harris "via the United States postal service and the official posting by the Process Server . . . on the front door of Mr. Harris['s] dwelling." *Id.* at 3.

On December 8, 2025, Federal Express filed the instant Motion to Dismiss (Doc. 42), arguing Plaintiff's claims are barred by the statute of limitations. After the Motion to Dismiss was fully briefed, *see* Docs. 44, 46, Plaintiff filed a "Second Motion in Response to Opposition of Federal Express Motion to Dismiss" (Doc. 47). Defendant thereafter moved to strike Plaintiff's motion as on improper sur-reply. Doc. 48).

## II.    Motion for Alternative Service

Plaintiff's Motion for Alternative Service asks the Court to allow her to serve Mr. Harris by registered mail and a posting on his door because attempts to serve him by certified mail and in-person by a process server have been unsuccessful. *See* Doc. 45. The Court will deny the motion because joining Mr. Harris as a party would deprive the Court of jurisdiction.[2] [3]

---

[2] Because Mr. Harris has not been properly served, he is not officially a party to this suit. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure . . . ." (citations omitted)).

[3] Under Federal Rule of Civil Procedure 4(e), an individual may be served in a judicial district of the United States by following the laws of the state where the district court is located, delivering a copy of the summons and complaint to the individual, leaving a copy of each at the individual's residence with someone of suitable age and discretion who resides there, or delivering a copy of each to an authorized agent. Under Arizona law, "if a party can show that service via the traditional means is impracticable, the court may—on motion and without notice to the person to be served—order that service be accomplished in another manner." Ariz. R. Civ. P. 4.1(k)(1). The Court assumes, without deciding, that service via traditional means on Mr. Harris would be impractical in this case and Plaintiff would, under different circumstances, be entitled to an order that she may serve Mr. Harris

### A. Diversity of Citizenship

Federal courts are courts of limited jurisdiction. A federal basis, via either diversity of citizenship or federal question, is required for a federal court to adjudicate a case. *See Newtok Vill. v. Patrick*, 21 F. 4th 608, 615 (9th Cir. 2021). Here, Plaintiff alleges the basis for federal jurisdiction is diversity of citizenship, and she brings no claims under federal law. *See generally* Doc. 38. To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy must be greater than $75,000 and there must be complete diversity of citizenship. In other words, the plaintiff cannot be a citizen of the same state as any defendant. Diversity of citizenship is determined at the time of the commencement of the suit. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574 (2004) ("[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." (alteration in original) (quoting *Conolly v. Taylor*, 27 U.S. 556, 565 (1829)).

Before her TAC, Plaintiff consistently stated she is a citizen of Arizona. *See* Docs. 1-3, 19. The events giving rise to this action occurred while Plaintiff was living in Arizona, and she remained in Arizona through 2025. Accordingly, despite her recent move to Florida, the facts indicate that at the time she filed her original Complaint, Plaintiff's permanent residence, or domicile, was in Arizona. Plaintiff also alleges Mr. Harris is a citizen of Arizona, and because of his employment and residence in Tucson, Arizona, the Court finds this likely. Accordingly, for jurisdictional purposes, Plaintiff and Mr. Harris are both citizens or Arizona, and joining Mr. Harris as a Defendant would destroy diversity.

### B. Joinder

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder." "[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court . . . ." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts in this District typically consider six factors when determining

---

in another manner. But because of the jurisdictional issues in this case, the Court will analyze the Motion for Alternative Service as a request to join Mr. Harris as a party.

- 3 -

whether to allow joinder:

> (1) whether the person sought to be joined is a necessary party under Rule 19(a); (2) the plaintiff's motive for seeking joinder and whether plaintiff is seeking to add a defendant solely to destroy diversity of citizenship; (3) the delay in seeking to add the new defendant; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied.

*Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 579–80 (D. Ariz. May 12, 2003) (internal citations omitted); *see also Agin v. Thor Motor Coach Inc.*, No. 2:22-CV-1713, 2023 WL 12140196, at *3 (D. Ariz. May 19, 2023). Here, the weight of these factors disfavors joinder.

First, Mr. Harris is not a necessary party under Federal Rule of Civil Procedure 19(a)[4] because the Court can accord complete relief among the existing parties. If Mr. Harris was acting within the course and scope of his employment with Federal Express, Federal Express would be vicariously liable for his conduct. *See* A.R.S. § 12-2506(D)(2); *see also* Arizona Tort Law Handbook § 21.10 ("An employer may be held vicariously liable under the doctrine of respondeat superior for the negligent acts of its employee acting within the course and scope of employment." (citing *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr., Inc.*, 197 Ariz. 535, 540 (Ct. App. 2000); Restatement (Third) of Agency § 7.07(1) (A.L.I. 2006)). Federal Express has not indicated it will argue Mr. Harris was not acting within the course and scope of his employment when the accident occurred.

---

[4] Under Rule 19(a),
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Here, Mr. Harris has not claimed an interest in this action, and failing to join Mr. Harris as a party will not impede his interests or risk inconsistent obligations for any party.

Accordingly, moving forward without Mr. Harris will not prevent Plaintiff from getting complete relief.

Second, while there is no evidence that Plaintiff is attempting to join Mr. Harris to deprive the Court of jurisdiction and there was no undue delay in seeking to add Mr. Harris as a Defendant, Plaintiff first named Mr. Harris as a Defendant in this case after the statute of limitations on her claim had expired. *See* A.R.S. § 12-542(1), (3) (two-year statute of limitations for claims arising from injuries to person or property). Plaintiff filed her FAC (the first complaint to name Mr. Harris as a Defendant) on February 14, 2025— over three years since July 2022, when Plaintiff alleges the accident at the root of this case occurred. *See* Docs. 16; 33 at 4. Where an amended complaint seeks to add a new defendant, both the Federal and Arizona Rules of Civil Procedure permit relation back to the original complaint only when (1) the claim arises out of the same incident alleged in the original complaint, (2) the party to be added has notice, and (3) the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. C. Pro. 15(c)(1); Ariz. R. Civ. P. 15(c). Here, there is no evidence that Mr. Harris "knew or should have known" that he should be a party to this case when the first Complaint was filed because he was acting in the course and scope of his employment as a Federal Express employee, and Federal Express was a proper party to this suit. Further, there was no mistake as to Mr. Harris's identity because the police report from the accident identified Mr. Harris. *See* Doc. 9-1. Accordingly, relation back does not apply, and any claims against Mr. Harris would be barred by the statute of limitations even were the Court to allow alternative service.

For the reasons above, Plaintiff will not be prejudiced by the Court's denial of her attempt to join Mr. Harris as a Defendant in this case. Accordingly, the Court will exercise its discretion under 28 U.S.C. § 1447(e) and deny Plaintiff's Motion for Alternative Service to allow the Court to retain jurisdiction over this case.

///

///

### III.   Motion to Dismiss

Defendant's Motion to Dismiss argues for the first time[5] that Plaintiff's claims are barred by Arizona's statute of limitations on claims for personal injury and damage to personal property. Doc. 42. Defendant argues the accident occurred on July 25, 2022, and Plaintiff initiated this action on July 26, 2024—one day after the two-year statute of limitations had expired. *See* Doc. 42 at 2. In response, Plaintiff argues "the doctrines of equitable tolling and equitable estoppel apply and preclude dismissal at this stage" because Defendant's representatives made "ongoing assurances that the claim would be resolved without litigation." Doc. 44 at 1, 2. Defendant replies that because Plaintiff's TAC contains no allegations that support equitable estoppel or equitable tolling, this argument fails. *See* Doc. 42 at 3–4.

Under A.R.S. § 12-542, there is a two-year statute of limitations for "injuries done to the person of another" and "trespass for injury done to the estate or the property of another." § 12-542(1), (3). The parties agree Plaintiff filed this action one day after the statute of limitations had tolled. *See* Doc. 42 at 5; Doc. 44 at 2.  Accordingly, Plaintiff's claim is untimely. However, "[u]nder equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 87, 170 P.3d 691, 697 (Ct. App. 2007). Equitable estoppel provides an exception to the statute of limitations where one party induces another party to forebear filing suit. *See State Farm Mut. Auto. Ins. Co. v. Frank*, 257 Ariz. 255, 547 P.3d 374 (Ct. App. 2024).[6]

---

[5] Counsel for Defendant also represented previously-dismissed Defendant FedEx Corporation. Between Defendant Federal Express and FedEx Corporation, four motions to dismiss have previously been filed in this case. *See* Docs. 6, 17, 18, & 22. This is the first time any motion to dismiss has made a statute of limitations argument.
[6] Though Plaintiff alleges both equitable estoppel and equitable tolling apply, her arguments primarily support equitable estoppel. *See Estate of Amaro v. City of Oakland*, 653 F.3d 808, 814 (9th Cir. 2011) ("This court has held that, although the doctrines of equitable tolling and equitable estoppel are often confused, the better reasoning states that equitable tolling applies when the plaintiff is unaware of his cause of action, while equitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." (internal quotation omitted)).

- 6 -

On a motion to dismiss, courts generally only consider facts alleged on the face of the complaint. *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003). Defendant is correct that Plaintiff's TAC does not allege facts to support equitable tolling or equitable estoppel. *See* Doc. 38. However, Plaintiff did allege facts that could plausibly support at least equitable estoppel in prior filings. *See* Doc. 19 (SAC alleging communication with Broadspire for two years); Doc. 9 (response to a motion to dismiss attaching copies of communications with Broadspire to support argument that Plaintiff had attempted to negotiate with Defendant's representatives). Ordinarily if the court grants a motion to dismiss, the court grants leave to amend unless the plaintiff will not be able to prove any facts to support her claim and entitle her to relief. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Given Plaintiff's prior factual allegations, if the Court were to grant the Motion to Dismiss, it would grant leave to amend. Plaintiff's pro se litigant status further supports granting leave to amend. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pleadings drafted by pro se litigants "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (a pro se litigant must be given leave to amend his complaint if it appears at all possible that the plaintiff can correct the deficiencies in the complaint).

Plaintiff has filed four complaints in this case. It is not an efficient use of judicial resources to dismiss the TAC only for Plaintiff to file another complaint, and Defendant to file another motion to dismiss. *See Government Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1226–27 (9th Cir. 1998) (recognizing the importance of judicial economy). Plaintiff has consistently asserted that she attempted to resolve her claims with Federal Express representatives before filing suit, and those representatives delayed the progress of resolving her claims. At this juncture, the Court will take Plaintiff at her word. *See Hebbe*, 627 F.3d at 342 (courts must afford pro se petitioners the benefit of the doubt). The Motion to Dismiss is denied.[7]

---

[7] The Court did not consider Plaintiff's "Second Motion in Response to Opposition of Federal Express Motion to Dismiss" (Doc. 47) in ruling on the Motion to Dismiss. Plaintiff's "Second Motion" operates as a sur-reply. "[S]urreplies . . . are not authorized by [Federal Rule of Civil Procedure] 7, any other Federal Rule of Civil Procedure, or this

Plaintiff may be able to prove facts that overcome the statute of limitations, and the Court's resolution of whether Plaintiff's claims are barred will likely involve a fact-intensive inquiry. Accordingly, such an issue is better suited for a motion for summary judgment or resolution at trial. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (questions of equitable tolling are "not generally amenable to resolution on a Rule 12(b)(6) motion"). The Court will order Defendant to answer the TAC. The Court will also grant Defendant leave to file a motion for summary judgement limited to the statute of limitations issue within 14 days of answering Plaintiff's TAC. Provided Defendant follows these guidelines, it will maintain the right to file a successive motion for summary judgement later in this case. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (district courts have discretion to entertain successive motions for summary judgment).

**IV.    ORDER**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Alternative Service (Doc. 45). The Clerk of Court is directed to terminate Earnest Harris as a defendant on the docket sheet;

**IT IS FURTHER ORDERED denying** Defendant's Motion to Dismiss (Doc. 42);

**IT IS FURTHER ORDERED granting** Defendant's Motion to Strike (Doc. 48);

///

///

///

///

///

///

///

---

District's Local Rules, absent prior leave of court." *Lee v. City of Kingman*, 124 F. Supp. 3d 985, 986 n.1 (D. Ariz. 2015). The Court will grant Defendant's Motion to Strike (Doc. 48).

**IT IS FURTHER ORDERED** that Defendant shall answer Plaintiff's Third Amended Complaint within 14 days of the date of this Order. Defendant may file a motion for summary judgment on the statute of limitations issue within 14 days of filing an answer.

Dated this 26th day of March, 2026.

John C. Hinderaker
United States District Judge